# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACK LEE, and YU FEN CHEN**

               **Plaintiffs,**

**-vs-**                                                 **Case No. 6:08-cv-1394-Orl-22DAB**

**GOLDEN FORTUNE INTERNATIONAL, INC.**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **FINAL MOTION FOR DEFAULT JUDGMENT (Doc. No. 11)** |
| **FILED:** | **October 24, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot, in view of the Court's recommendation to vacate default, as set forth herein. | |
| **MOTION:** | **DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR SUMMARY JUDGMENT (Doc. No. 18)** |
| **FILED:** | **November 19, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part to the extent it seeks to set aside the entry of default and **DENIED** in part, to the extent it seeks a summary judgment. | |

The docket reflects that the Clerk entered a default following the failure of Defendant to timely answer the Complaint (Doc. No. 10).   Following service of the motion for entry of final default judgment, Defendant appeared through counsel and filed the instant motion to vacate default and for summary judgment.

### *The Motion To Vacate Default*

Pursuant to Rule 55(c), Federal Rules of Civil Procedure, a court may set aside the entry of a default "for good cause."  As Judge Kovachevich  recently noted:

> "Good cause" is a liberal, elastic standard that does not have a precise formula. *Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion*, 88 F.3d 948, 951 (11th Cir.1996) *citing Coon v. Grenier* 867 F.2d 73. 76 (1st Cir.1989). The court looks at a number of factors, including whether the defaulted party was culpable or willful in their conduct, whether setting aside the default would prejudice the opposing party, and whether the defaulted party does not appear to have a meritorious defense. *Compania*, 88 F.3d at 951 *citing Robinson v. U.S.*, 734 F.2d 735. 739 (11th Cir.1984).

*Theiss v. Giove Law Office, P.C. ,* 2008 WL 2323911, 2 (M.D. Fla. 2008).  Moreover, the standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 527-28 (11th Cir.1996).  "To set aside an entry of default, the Court must find that: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense." *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla.1993).  Moreover, the Court recognizes the strong public policy in favor of deciding cases on their merits. *See Florida Physician's Ins. Co. v. Ehlers,* 8 F. 3d 780, 783 (11th Cir. 1993).

Applied here, Defendant asserts that there is good cause to vacate the entry of default. Defendant contends that the compensation issues in this Fair Labor Standards Act case were the subject of an investigation and compliance review conducted by the United States Department of Labor, prior to the filing of this suit. Defendant avers that pursuant to this review, it sent checks to Plaintiffs for the unpaid wages which are the subject of this suit, all under the supervision of the Department and pursuant to the Department's direction.[1] Defendant asserts that upon being served with this suit, Defendant's principal mistakenly believed that the suit was part of the investigation being handled by the Department. Ms. Su, who notes that English is her second language, avers that she called the Investigator at the Department, who assured her that the matter was resolved and not to worry. She also called Plaintiff's counsel, but asserts that counsel did not return the call. (Affidavit of Chu Su - Doc. No. 18 at pg. 9). When she received the motion for entry of a default judgment, she contacted counsel. *Id.* The record reflects that counsel appeared within two weeks of the mailing of the motion for default judgment.[2]

The Court finds that these circumstances, the existence of which are not contested by Plaintiffs,[3] justify vacation of the entry of default. Defendant's confusion in view of the involvement of the Department of Labor is forgivable in this context, especially as she contacted Plaintiffs' counsel, but received no reply. She acted promptly in securing counsel, when it became clear that such was necessary, and Plaintiff does not contest the absence of any prejudice. Finally, while Plaintiffs dispute the proof of Defendant's asserted defense, they cannot dispute that there is a *prima*

---

[1] Whether or not these checks were cashed is a disputed issue (*see* Plaintiff's response brief). Nonetheless, for present purposes, it is undisputed that the review occurred and that checks were sent and received by the Plaintiffs.

[2] The docket also reflects that there was confusion with respect to the appropriate address for the registered agent. *See* Doc. Nos. 12, 13.

[3] Plaintiff contends that they do not constitute good cause to vacate the default, however.

*facie* defense available to Defendant which, if proved, is dispositive, as addressed below. Under these circumstances, good cause exists to vacate the entry of default, and it is so **recommended.**

### *Summary Judgment*

Defendant next contends that it has an absolute defense in that Plaintiffs were paid under the supervision of the Department of Labor and thus moves for summary judgment.

### **Summary Judgment Standard**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp*., 770 F.2d 984,

986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

**Issues and Analysis**

As an initial matter, summary judgment is premature at this stage in that Defendant has yet to file an Answer to the Complaint. This, alone, justifies denial of the motion, without prejudice to re-assertion at the appropriate time. Nonetheless, even if the Court were inclined to review the issue at this time, it is clear from the Plaintiffs' response that genuine issues of material fact preclude summary resolution.

Section 216(c) of the Fair Labor Standards Act ("FLSA") provides that an employee waives any right he may have to bring an action under § 216(b) for unpaid overtime compensation and liquidated compensation if he accepts payment in full for such overtime compensation through the Secretary of the Department of Labor. 29 U.S.C. § 216(c). A valid waiver requires that the employee agree to accept the payment the Secretary determines to be due and there be "payment in full." *Sneed v. Sneed's Shipbuilding, Inc.,* 545 F. 2d 537, 539 (5th Cir. 1977). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the

context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

Here, Defendant contends that it tendered checks for Plaintiffs, as part of the Department's review, and that the checks were received by Plaintiffs, along with a waiver (*see* Affidavits and exhibits attached to motion). Plaintiffs argue (without submitting any sworn evidence) that neither Plaintiff cashed the tendered checks nor signed any waiver agreeing to accept the payments, but merely signed for receipt of the certified letter enclosing same. Counsel, apparently as an officer of the Court, asserts that he "is still in possession of the check." As such, there is a factual issue regarding whether payment was, in fact, accepted and that factual issue precludes a legal finding as to whether a waiver occurred. This factual issue must await determination upon a more developed record. It is **respectfully recommended,** therefore, that summary judgment be **denied.**

## *CONCLUSION*

For the reasons set forth above, it is respectfully recommended that the motion for vacation of the default be **granted,** the motion for entry of default judgment be **denied, as moot,** and the motion for summary judgment be **denied.** If this Report is adopted, the Court should direct the Clerk to vacate the default, Order Defendant to file an Answer to the Complaint within 11 days, and direct the undersigned to enter a Scheduling Order.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 10, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy