# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACK LEE, and YU FEN CHEN**

                    **Plaintiffs,**

**-vs-**                                                          **Case No. 6:08-cv-1394-Orl-22DAB**

**GOLDEN FORTUNE INTERNATIONAL, INC.**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 28)**
>
> **FILED:**      **January 27, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties request that the Court approve the terms of settlement in this Fair Labor Standards Act case, as "both Plaintiffs have been paid in full without compromise." (Doc. No. 28 at 1). While this representation is not true, the Court nonetheless recommends approval of the settlement.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, as represented in the papers and at settlement fairness hearing, both Plaintiffs worked for Defendant and were not paid overtime wages. In prior Affidavit, Plaintiff Lee calculated his claim as $13,292.07 in actual damages, plus the same amount in liquidated damages (Doc. No. 11-5). Inexplicably, the motion states that Plaintiff Lee calculated his claim at $5,407.84, plus a like amount in liquidated damages (Doc. No. 28 at 3). Plaintiff Yu Fen Chen's claim was calculated at $1,500.00 in actual damages and the same amount for liquidated damages (Doc. No. 11-7). The parties have agreed to settle Lee's claim for $3,114.89 (representing $1,614.89 for actual damages and $1500.00

for liquidated damages), and to settle Chen's claim for $1,899.00 (representing $1,399.00 for actual damages and $500.00 for liquidated damages), and have agreed that Plaintiff's counsel will receive $2,500 in attorneys fees and $500 in costs. As is obvious, this is not "payment in full without compromise." Nonetheless, it appears that the settlement is just and fair, based on the record.

The compensation issues in this Fair Labor Standards Act case were the subject of an investigation and compliance review conducted by the United States Department of Labor, prior to the filing of this suit. Pursuant to this review, Defendant sent checks to Plaintiffs for the unpaid wages which are the subject of this suit, all under the supervision of the Department and pursuant to the Department's direction. Plaintiffs received, but did not cash, the checks, and claimed that they were owed more. The motion reflects that Plaintiffs decided to accept the Department of Labor's assessment as to the actual damages due, as Defendant was able to convincingly dispute the amount of hours claimed and, in Plaintiff Lee's case, compensation already received. This apparently also mitigated strongly against the likelihood of collecting significant liquidated damages. In view of the foregoing, the settlement amounts, which include a liquidated damages component Plaintiffs would not have received had they cashed the checks, is a fair and reasonable resolution of a bona fide dispute, and should therefore be **approved.**

As for attorney's fees, in subsequent filing (Doc. No. 34), counsel represents that, although the firm has contingency fee agreements with both Plaintiffs, the settlement with respect to attorney's fees is separate and the contingency agreement will not be utilized to diminish Plaintiff's recovery. Although counsel claims that the firm expended 9.5 hours of attorney time (at $250 per hour) and 8.6 hours of paralegal time (at $95-$105 per hour), for a total of $3,266.00 in attorney's fees (Doc. No. 34-3), counsel is seeking an award of $2,500.00, and $500 in costs. The Court finds this amount to

be reasonable, in view of the circumstances of this case.[1]  As such, it is **recommended** that the amount be approved, provided that no part of Plaintiff's recovery be used to augment the fee allowance.  *See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished).

It is therefore **respectfully recommended** that the motion be **granted,** the settlement as outline above be **approved,** and the case be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] In so doing, the Court does not approve the rates requested in this case.  However, recalculating the lodestar using more reasonable rates yields a result within the outer bound of the amount negotiated between counsel.  Accordingly, the requested fee (as reduced from counsel's calculation) does not exceed a reasonable fee and is due to be approved.